895 F.2d 1421
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William BRANDENBURG, Jr., Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-3420.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1990.
 
 Before RICH and MAYER, Circuit Judges, and PETER BEER, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 William Brandenburg, Jr., appeals the July 18, 1989, decision of the Merit Systems Protection Board (MSPB), docket number DA315H8910141, denying his Petition for Review of the Administrative Judge's (AJ's) initial decision of March 7, 1989, which dismissed his appeal for lack of jurisdiction. Brandenburg's claim is based on the 1981 decision of the Department of the Air Force (Air Force) terminating him from his then 2 1/2 month old job as a probationary machinist because of unsatisfactory performance. We affirm.
 
 OPINION
 
 2
 The removal which Brandenburg challenges is the same removal which he challenged in this court in 1985. See Brandenburg v. Department of the Air Force, 24 M.S.P.R. 110 (1984), aff'd 785 F.2d 321 (Fed.Cir.1985) (table). This court held then that as a probationary employee Brandenburg had a right of appeal to the MSPB only if his dismissal was based on marital status or partisan political reasons, or involved improper agency procedures. We affirmed the MSPB's dismissal for lack of subject-matter jurisdiction because Brandenburg's conclusory statement that he was dismissed for partisan political reasons was not supported by his factual allegations, holding that the MSPB "did not have the power to hear the case."
 
 
 3
 After that unsuccessful attempt to obtain review in the MSPB, Brandenburg pursued his efforts in the Federal courts in Texas but was unsuccessful there as well. He then refiled his case with the MSPB, making the new contention that his dismissal involved "improper agency procedures," which he could have made, but did not, in his first appeal to the MSPB. The AJ again dismissed Brandenburg's appeal for lack of jurisdiction, reasoning that the issue of jurisdiction was res judicata, that appellant was still pursuing the same claim that had been decided. The AJ noted that Brandenburg "had the opportunity to raise the issue of the agency's alleged failure to meet the procedural requirements ... when he initially brought his appeal to the Board."
 
 
 4
 We agree with the MSPB that appellant has not shown any reason why the principles of res judicata do not bar this renewed attempt to relitigate exactly the same claim which we turned down four years ago.
 
 
 
 *
 The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation